IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLENE KLEIN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | NO. 17-4507 |
| OFFICER STEPHEN MADISON, et al., | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

This case has been referred to the undersigned for the resolution of discovery disputes by the Honorable Edward G. Smith. The dispute presently before the Court concerns a subpoena Defendants propose to serve on a third party, the Lehigh County District Attorney's Office.[1] The subpoena seeks recordings of telephone conversations the Plaintiff had with her son while he was being held in prison pending trial. Plaintiff has objected to the subpoena, asserting that the disclosure of the recorded conversations would violate the Federal Wiretapping Act, 18 U.S.C. §§ 2510-2522 (the "Federal Act") and the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. Cons. Stat. §§ 5703-5728 (the "Pennsylvania Act"), and that they are beyond the scope of relevant discovery.[2] Letter of Robert E. Goldman, Esquire to the Honorable Marilyn Heffley (March 28, 2018) (Doc. No. 22). For the reasons that follow, this Court finds that the subpoena is impermissible and consequently, shall order that it not be served.

---

[1] Pursuant to Fed. R. Civ. P. 45(a)(4), Defendants gave Plaintiff prior notice of their intention to serve the third-party subpoena and Plaintiff's objection to the subpoena led to the present dispute.

[2] Because I find that the subpoena is impermissible under the Pennsylvania statute, I will not address Plaintiff's argument regarding relevance.

In this action, Plaintiff Charlene Klein ("Klein") brings claims under 42 U.S.C. § 1983 against the City of Allentown, certain of its officials and a number of its police officers, alleging, inter alia, that the police used excessive force against her. Her claims arise out of an incident in which Allentown police came to her home to arrest her son on charges of criminal sexual assault and engaged in a confrontation with her when she attempted to refuse them entrance to her home. Ultimately, her son was arrested and imprisoned awaiting trial. In the proposed subpoena, Defendants seek recordings made by the Lehigh County Jail of telephone calls between Klein and her son that occurred while he was imprisoned.

It is undisputed that both the Federal Act and the State Act authorize prison officials to record inmates' telephone calls. See 18 U.S.C. § 2510(a)(ii) (excluding from Federal Act's prohibitions a communications facility "being used by . . . an investigative or law enforcement officer in the ordinary course of his duties"); 18 Pa. Cons. Stat. § 5704(14) (stating that it is not unlawful for an investigative or law enforcement officer or employees of a correctional facility to intercept communications). The question here is the extent to which prison or law enforcement personnel can disclose or use the intercepted communications.

The Federal Act contains no restriction that would prohibit the disclosure of Klein's recorded conversations to Defendants or their use of the information in civil litigation. Section 2511(1)(c) prohibits the intentional disclosure of the contents of an electronic communication only if a person makes the disclosure "knowing or having reason to know that the information

was obtained through the interception of a wire, oral, or electronic communication in violation of [the Federal Act]." Here, the prison officials made the interception lawfully.[3]

The Pennsylvania Act, however, includes greater limitations on the use and disclosure of the contents of intercepted communications. See Karoly v. Mancuso, 65 A.3d 301, 309 (2013) ("[b]oth use and disclosure are closely cabined by the Act"). Section 5717 of the Pennsylvania Act controls the circumstances under which law enforcement personnel are permitted to disclose or use intercepted communications. 18 Pa. Cons. Stat § 5717. Section 5717(a) permits such personnel to disclose intercepted communications to other investigative or law enforcement officers but only "to the extent that such disclosure is appropriate to the proper performance of the official duties of the officer making or receiving the disclosure." Id. § 5717(a). Section 5717(a.1) permits an investigative or law enforcement officer who has lawfully obtained knowledge of the contents of a recorded communication to use that information only "to the extent such use is appropriate to the proper performance of his [or her] official duties." Id. § 5717(a.1). Section 5717(b) authorizes the use of intercepted communications or information only in connection with law enforcement or criminal investigation or in testimony in a criminal proceeding. Id. § 5717(b). Nothing in the Pennsylvania Act permits intercepted communications to be disclosed for use in civil litigation. The Pennsylvania Supreme Court has held that "[t]he close observance of these statutory restrictions is especially important where private conversations are overheard by governmental authorities" and that "the Wiretap Act is to

---

[3] The Federal Act contains one other provision making disclosure of intercepted communications unlawful; however it only applies if the disclosure is made "with intent to improperly obstruct, impede, or interfere with a duly authorized criminal investigation." 18 U.S.C. § 2511(1)(e).

be strictly construed to protect individual privacy rights." Karoly, 65 A.3d at 310. The proposed subpoena would require a violation of that act.

Accordingly, the proposed subpoena shall not be served and Defendants shall not make any further effort to obtain the recorded communications or their contents. An appropriate Order follows.

Dated: April 5, 2018

BY THE COURT:


*/s/ Marilyn Heffley*
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE