IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLENE KLEIN, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 17-4507 |
| OFFICER STEPHEN MADISON, et al., | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM OPINION AND ORDER**

This case has been referred to the undersigned for the resolution of discovery disputes by the Honorable Edward G. Smith. The disputes currently before this Court involve Defendants' responses to Plaintiff's First Set of Interrogatories and First Set of Document Requests and various discovery-related matters raised by the Defendants.[1] Having considered Plaintiff's submissions to the Court dated May 18, 2018, June 29, 2018 and July 3, 2018, and Defendants' submissions dated May 23, 2018 and July 2, 2018, the Court will grant in part and deny in part the relief sought by the parties for the reasons that follow.

---

[1] Although the fact discovery deadline in this case was set for May 18, 2018 (Doc. No. 15), Plaintiff did not serve her First Set of Document Requests until April 3, 2018 and did not serve her First Set of Interrogatories until May 18, 2018. While the document requests were technically timely filed—although the interrogatories appear not to have been, see Federal Rule of Civil Procedure 33(b)(2)—such a delay in filing initial discovery in this case does not reflect due diligence on the Plaintiff's part, but demonstrates a dishearteningly cavalier attitude toward the obligation to comply with the Court's Scheduling Order in this action. It also significantly limits the parties' opportunity to resolve discovery disputes through the "meet and confer" process required by this Court's Local Rules.

**I.      ISSUES RELATING TO MULTIPLE DISCOVERY REQUESTS**

Defendants expend considerable effort on arguing the benefits of bifurcating discovery between the Plaintiff's claim relating to her individual arrest and her claims pursuant to Monell v. Dept. of Soc. Servs. of New York, 436 U.S. 658 (1978), as well as on the alleged weaknesses of Plaintiff's claims. See Letter of David J. MacMain, Esquire to the Honorable Marilyn Heffley at 4-5 (May 23, 2018) ("Letter to Court"). Defendants ask this Court to order that discovery be bifurcated. Id. As Defendants clearly are aware, however, despite the fact that they conducted a "fulsome discussion with [the Honorable] Judge [Edward G.] Smith at the Rule 16 Conference as to whether discovery should be bifurcated," id. at 2, Judge Smith issued a Scheduling Order that denied their proposed bifurcation and directed single deadlines for fact and expert discovery. Doc. No. 15. It is not within the purview of this Court to reconsider or alter the Scheduling Order issued by Judge Smith to whom this case is assigned. Any such request can only properly be directed to Judge Smith. Defendants' "respectful[] submi[ssion]" that the Court accept "the proposal made in Defendants' discovery responses," Letter to Court at 2, which purport to limit their responses to Plaintiff's individual claims and to the specifically-named police officer Defendants, is merely a thinly-veiled attempt to achieve the previously denied bifurcation through an order relating to specific discovery requests. Not only is that effort inappropriate, but it has unnecessarily delayed the progress of discovery in this action.

Judge Smith has denied Defendants' bifurcation proposal and has directed that fact and expert discovery on all claims proceed together. Accordingly, Plaintiff is entitled to conduct full discovery on her Monell claim at this time, and the proportionality of her requests must be measured against the exacting burden of proof a plaintiff faces to establish municipal liability

under Monell. See Beck v. City of Pittsburgh, 89 F.3d 966, 971-72 (3d Cir. 1996) (discussing what a plaintiff must prove to establish liability under Monell). Under that standard, Defendants' argument that discovery should be limited to matters relating to the Plaintiff's arrest and to the named Defendant officers is utterly meritless.[2] Consequently, Defendants' requests for bifurcated discovery and to limit discovery to the particular incident involving Plaintiff and the named Defendant officers are denied.

Defendants have responded to a number of interrogatories by asserting that "relevant portions" of various documents "will be produced after the execution of the enclosed

---

[2] Defendants' counsel's gratuitous, unsupported assertions regarding his experience with discovery in other cases are neither helpful nor relevant to this Court. Moreover, his citation to two particular cases from the Eastern District of California are unconvincing, especially because it is mystifying how he could believe those citations support his arguments in favor of bifurcation or of limiting discovery to the named Defendant officers. Centeno v. City of Fresno did not involve a request for bifurcated discovery and the opinion addressed a motion that only sought discovery of incidents involving the named defendants. No. 1:16-cv-00653-DAD-SAB, 2016 WL 7491634, at *1 (E.D. Cal. Dec. 29, 2016). The cited page addresses the defendants' failure to make a sufficient showing to invoke the official information privilege. Id. at *13. Chatman v. Felker did not even address a Monell claim, No. Civ. S-03-2415 JAM KJM P., 2009 WL 173515, at *1 (E.D. Cal. Jan. 23, 2009), and the cited page granted the plaintiff discovery regarding other complaints of similar misconduct made against the defendants, id. at *5. Moreover, even if the cited cases directly supported Defendants' contentions, their citation would be disingenuous without accompanying disclosure of the numerous Monell cases decided by district courts in the Third Circuit that have authorized discovery relating to similar alleged misconduct beyond the alleged misconduct of the individual named defendant officers. See, e.g., Guerrido-Lopez v. City of Allentown, No. 15-1660, 2016 WL 1182158, at *2 (E.D. Pa. Mar. 28, 2016); Carchietta v. Russo, No. 11-cv-7587 (SRC)(CLW), 2014 WL 1789459, at *7 (D.N.J. May 6, 2014); Reid v. Cumberland Cnty., 34 F. Supp. 3d 396, 413 (D.N.J. 2013); Knight v. Musemici, No. 11-280, 2012 WL 1107708, at *3-4 (D. Del. Mar. 30, 2012); Furey v. Wolfe, No. 10-1820, 2011 WL 597038, at *2 (E.D. Pa. Feb. 18, 2011); Torres v. Kuzniasz, 936 F. Supp. 1201, 1212-14 (D.N.J. 1996). The lack of such citation is all the more troublesome in light of the fact that Guerrido-Lopez involved a ruling by this Court issued only two years ago against the City of Allentown on the identical issue.

3

Confidentiality Stipulation" drafted unilaterally by them.[3] This response raises two issues.

First, the responses are to interrogatories and not to document requests. Federal Rule of Civil Procedure 33(d) permits a party to respond to an interrogatory by producing documents but only if its production meets all of the conditions set out in the Rule:

> **(d) Option to Produce Business Records.** If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> **(1)** specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> **(2)** giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Moreover, "a responding party has the duty to specify by category and location the records from which answers to interrogatories can be derived." Id. advisory committee's notes (1980).

In addition, Defendants are required to provide all responsive, non-privileged information or documents within their knowledge, custody or control unless they state a valid objection to doing so. A response that "relevant" information or documents will be produced is inadequate unless the response specifies what categories of responsive information or documents will be withheld and a valid basis for withholding the information or documents. If Defendants can

---

[3] Such a blanket demand for execution of their self-drafted confidentiality order appears to be standard practice by the City of Allentown in such cases. While the parties' counsel remain free to negotiate or to dispute the need for, or terms of, such an order, they should endeavor to do so in future cases in a manner that does not unnecessarily delay discovery or risk noncompliance with discovery deadlines. Counsel are strongly encouraged to explore at the earliest practicable point in future cases whether they may be able to negotiate regarding issues of confidentiality. If they determine that agreement is not possible, they are encouraged to raise the dispute with the Court early in the discovery process, e.g., at the Rule 26 conference, so that it may be resolved expeditiously without delaying the progress of the litigation.

comply with Rule 33(d) through the production of documents, they may do so; however, to the extent Defendants possess responsive information not contained in the documents produced, they are obligated to provide that information in the form of an interrogatory response. Defendants shall provide amended responses to each interrogatory for which they previously stated that relevant documents or relevant portions of files would be produced, confirming that they have produced all responsive non-privileged documents or shall specify what documents have been withheld and the basis for their withholding.

Second, the Court will not issue a blanket, case-wide confidentiality order. The Court has applied the balancing test governing protective orders set forth in Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994), and Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995). This Court has determined that the public interest in the proper use of force by police officers, the investigation of complaints regarding excessive force and in alleged false reporting by police officers and the efforts taken to resolve such complaints by police officials and other public officials is exceptionally strong. See Shingara v. Skiles, 420 F.3d 301, 307 (3d Cir. 2005). The purposes for which Plaintiff seeks to utilize the discovery materials is legitimate, both for use in this litigation or for use in subsequent other litigation. "Federal courts should not provide a shield to potential claims by entering broad protective orders that prevent public disclosure of relevant information." Glenmede, 56 F.3d at 485 (citing Pansy, 23 F.3d at 787); see also Carter v. City of Philadelphia, No. 97-4499, 2000 WL 420625, at *4 (E.D. Pa. Apr. 10, 2000). Moreover, "privacy interests are diminished when the party seeking protection is a public person subject to legitimate public scrutiny." Pansy, 23 F.3d at 787. Here, as a general matter, the public's interest in disclosure outweighs the privacy interests of the police officers and the City of Allentown (the "City") officials. However, as to certain categories of information and

5

documents, the balance shifts in favor of the Defendants' privacy interests, and the City's law-enforcement interests.

With respect to certain financial, medical and familial information, psychological or psychiatric evaluations of the individual Defendants and files regarding internal investigations by the Allentown Police Department, the following protective provisions shall apply: (1) Defendants shall not produce any records reflecting information relating to the named Defendants' family members; (2) Defendants shall disclose the home addresses of the individual named Defendants, but Plaintiff's counsel shall not disclose the information to any individual, including his client, other than consultants engaged to perform background checks on the Defendants; (3) any such consultants shall use the addresses solely for the purpose of performing such background checks and shall disclose the addresses in court filings or in evidence only with the prior consent of the Defendants or an order of the Court; and (4) Defendants shall not be required to produce payroll or other financial records or records relating to Social Security and shall not be required to produce health records except as provided below.

With respect to psychiatric or psychological evaluations, Defendants shall produce documents only as follows: (1) Defendants shall produce documents reflecting the psychiatric or psychological examination of only the named police officers involved in the altercation described in the Complaint[4] and such documents shall be confidential and shall be used only for the purposes of this litigation; (2) to the extent either party wishes to submit such documents to the Court in connection with pretrial filings in this case, they shall redact information from, or

---

[4] The psychiatric or psychological evaluations at issue here are evaluations or testing conducted for the purpose, in whole or in part, of determining the suitability of the officer for obtaining or retaining employment as a police officer. They do not include any such evaluations conducted or information obtained solely for purposes of mental health treatment.

6

references to, such documents from their submissions and shall file unredacted versions of those submissions under seal, and the admissibility of such documents at trial, and any confidentiality provision regarding such documents that may be admitted, shall be determined by the trial court; (3) such documents shall not be disclosed to any person other than the person evaluated or to consultants engaged by the parties for the purposes of this litigation and any such consultants must be made aware of this Order and agree not to disclose or use such documents for any purpose other than this litigation before such documents may be disclosed to them; (4) at the conclusion of the litigation, all consultants to whom counsel have disclosed such documents shall be required to return them to counsel; and (5) at the close of the litigation, Plaintiff's counsel shall destroy all such documents and shall certify to Defendants' counsel in writing that all such documents have been destroyed.

Furthermore, Defendants shall produce all responsive Internal Affairs documents and reports subject to the following conditions: (1) Defendants shall not be required to produce investigative files regarding currently pending investigations, but shall produce complaints that are the subject of such investigations; (2) Internal Affairs documents shall be treated as confidential and shall be used only for the purposes of this litigation; (3) Defendants shall be permitted to redact identifying information regarding any third-party witness (i.e. non-police witnesses) and confidential informants from Internal Affairs files and reports;[5] (4) Defendants shall not redact other information from such files including any information that is publicly available, any information that would be subject to disclosure under Pennsylvania's Right to

---

[5] In previous litigation in another case, the City represented that certain responsive documents reflected information regarding security vulnerabilities of its cellblock. The Defendants may redact such information from their production.

7

Know Law, the names of arrested parties, incident numbers, the names and identifying information (other than Social Security numbers) for members of the Allentown Police Department, including such officers who are witnesses or sources in any internal investigation, the home addresses of any such police-employee witnesses shall be subject to the same provisions set out above with respect to the addresses of the officer defendants; (5) to the extent either party wishes to submit such documents to the Court in connection with pretrial filings in this case or to use them in questioning or as exhibits at a deposition, such documents shall be subject to the same treatment described above with respect to documents reflecting psychological examinations and the admissibility of, and any confidentiality provision regarding such documents shall be determined by the trial court; (6) Plaintiff's counsel shall not disclose any Internal Affairs files or reports to his client with the exception of any such information or report related to her individual arrest and subsequent treatment; (7) such documents shall not be disclosed to any person other than the parties or consultants engaged by them for the purposes of this litigation and any such consultants must be made aware of this Order and agree not to disclose or use such documents for any purpose other than this litigation before such documents may be disclosed to them; (8) at the conclusion of the litigation, all parties to whom counsel have disclosed such documents shall be required to return them to counsel; and (9) at the close of the litigation, Plaintiff's counsel shall destroy all such documents and shall certify to Defendants' counsel in writing that all such documents have been destroyed.

Defendants shall not withhold production of any documents or information, other than as provided in this Order, on the grounds that it is "personal and confidential." To the extent Defendants contend that any document reflects privileged communications, they shall provide Plaintiff with a privilege log, pursuant to Federal Rule of Civil Procedure 26(b)(5), which shall

contain sufficient information to enable Plaintiff and the Court (if necessary) to determine whether the privilege claim is valid.  Moreover, for all of Plaintiff's discovery requests, Defendants shall produce documents or provide interrogatory responses covering a period of 10 years from the date the discovery request was served.

Defendants have objected to certain discovery requests based on their assertion of the self-evaluative privilege.  The standard for application of the self-evaluative privilege in this Court is set out in In re Petition of McAllister Towing & Transp. Co., No. 02-858, 2004 WL 887375, at *2 (E.D. Pa. Apr. 22, 2004) and Melhorn v. New Jersey Transit Rail Operations, Inc., 203 F.R.D. 176, 178 (E.D. Pa. 2001).  If Defendants assert that any specific documents meet that standard, they may submit those documents to the Court for in camera review.  Defendants shall indicate on their privilege log any documents that have been so submitted.

## II. ADDITIONAL ISSUES REGARDING INDIVIDUAL DISCOVERY REQUESTS

### A. Plaintiff's First Set of Interrogatories

Regarding Plaintiff's First Set of Interrogatories, the Court rules as follows:

#### Interrogatory No. 1

To the extent they have not already done so, the individual Defendants shall provide the addresses and job titles of the named Defendants and shall state whether their employer is an entity other than the City.  Defendants need not provide a response regarding their job descriptions or general duties.

#### Interrogatory No. 3

The Court finds that Defendants' response, as supplemented by their counsel's May 23, 2018 letter to Plaintiff's counsel is sufficient.

**Interrogatory No. 4**

Plaintiff has not enlightened the Court as to what an insurance policy form UTS-sp-2 (12-95) may be or of how it may be relevant to this case. The parties shall meet and confer regarding those issues. However, in light of the general discoverability of liability insurance coverage and the minimal burden entailed in producing such a form, the parties should be aware that, to the extent such a form exists and contains any relevant information, the Court would be inclined to order it be produced.

**Interrogatory No. 5**

To the extent the insurance policy produced may provide coverage to the named individual Defendants for the claims asserted in this action, the response is sufficient. However, if Defendants possess any other document or information reflecting that an additional or alternative source of insurance may be available to any of them, they shall disclose the responsive documents or information relating to that source.

**Interrogatory No. 6**

Defendants shall identify the custodian(s) of records and shall state whether other files or electronically stored information exist that may contain copies of documents that are not included in the City's IAPRO system. In all other respects, the response is adequate.

**Interrogatory No. 7**

Defendants shall provide a reasonably detailed response, which shall include stating: whether its IAPRO system comprises all of the records inquired about; whether any other record-keeping system exists that also contains responsive information; how the records are indexed; whether or by what methods the records are searchable; and sufficient information to allow

Plaintiff to determine appropriate search terms or methodologies to be used in discovering electronically stored information.

### Interrogatory No. 8

Defendants shall provide the responsive information to the extent it is not provided by their personnel files alone.

### Interrogatory No. 14

Defendants shall identify the lawsuits requested by the interrogatory in which they appeared as a witness by caption, court and docket number. No further response shall be required.

### Interrogatory No. 15

Defendants shall provide the requested information with the proviso that their response shall be limited to complaints alleging the use of excessive force, the pressing of false charges, or the provision of false statements in official reports, in response to police or other governmental interviews or in testimony by the officers of the City's Police Department. Defendants shall not limit their responses to complaints against the individual named Defendant officers.

### Interrogatory No. 16

To the extent that responsive information is available to the Defendants upon reasonable investigation that was not disclosed in the records Defendants produced pursuant to Federal Rule of Civil Procedure 26, Defendants shall provide that information.

### Interrogatory No. 18

To the extent Defendants, after reasonable investigation, are aware of responsive information not contained in the documents produced in response to this interrogatory, they shall provide it.

**Interrogatory No. 19**

To the extent Defendants, after reasonable investigation, are aware of responsive information not contained in the documents produced in response to this interrogatory relating to any disciplinary action against the named individual Defendants, they shall provide it. In all other respects, their response is adequate.

**Interrogatory No. 20**

To the extent that they have not already done so and to the extent such information is available to them after reasonable investigation, Defendants shall provide a response regarding any relevant information the persons identified in the interrogatory imparted to another person and the identity of the person receiving the information.

**Interrogatory No. 23**

Defendants' response, as supplemented by their counsel's May 23, 2018 letter is adequate.

**B. Plaintiff's First Set of Document Requests**

Regarding Plaintiff's First Set of Document Requests, the Court rules as follows:

**Request No. 1**

To the extent they have not already done so, Defendants shall produce all documents responsive to this request. Their responses shall be limited to the events surrounding the incident involving Plaintiff that is the subject of this litigation. Defendants shall provide an amended response to the request stating that they have produced all such documents.[6]

---

[6] Defendants would have no reasonable basis to object to any of the subparts of this request if they were asked as separate document requests. The fact they have been combined into a single request provides no basis to do so.

**Request No. 4**

Defendants shall fully respond to this request and shall not limit their responses to the four named officer Defendants. However, their responses shall be subject to the following limitations: (1) Internal Affairs or other similar internal investigation documents shall be produced subject to the protections stated above; (2) the response with respect to officers other than the individual named Defendant officers shall be limited to complaints alleging that Allentown police officers used excessive force or that they made false statements in official reports, police or other governmental interviews or testimony; and (3) no photograph, video or other depictions of individuals allegedly subjected to excessive force or denied adequate medical care shall be produced unless such depiction has been introduced into evidence, published or otherwise made available to the general public.[7]

**Request No. 5**

"Federal courts should not provide a shield to potential claims by entering broad protective orders that prevent public disclosure of relevant information. The sharing of information among current and potential litigants is furthered by open proceedings." Glenmede, 56 F.3d at 485 (citing Pansy, 23 F.3d at 787); see also Carter, 2000 WL 420625, at *4. As a general matter, documents produced in response to the materially similar requests served by Plaintiff's counsel in Guerrido-Lopez , 2016 WL 1182158, at *2, shall be produced. However, Defendants shall not produce any documents reflecting the personnel files of the police officer defendants in Guerrido-Lopez or any other documents that relate particularly to those officers,

---

[7] Not only would the production of such images invade the privacy of the persons depicted, but it would threaten a series of mini-trials regarding the authenticity of the images and the cause and severity of the injuries they depict.

such as medical records, financial records, psychiatric evaluations, performance evaluations, disciplinary records, or the like. They also shall not produce any similarly private or sensitive information relating to the plaintiff in that action. In Guerrido-Lopez, the Court issued discovery orders that required the City to produce records pertaining to a 10-year period. To the extent Defendants choose to reduce their expenses and burden of production by producing the other responsive documents contained in the prior production without redacting documents relating to the two additional years that fell within the 10-year discovery window in that litigation, they may do so.[8]

### Request No. 6

This request is overly broad and ambiguous as stated. Defendants shall not be required to respond to Request No. 6(a) regarding all of the Allentown Police Department's Policies and Procedures. Defendants also shall not be required to respond to Request No. 6(g) regarding "any police activity described in the Complaint." However, to the extent Plaintiff can define reasonably specific categories of activities described in the Complaint that are not covered by the remaining subparagraphs of this request or in other document requests, she may serve supplemental requests for the production of such categories of documents. As to Requests Nos. 6(b)-(f), Defendants shall produce any responsive documents whether or not they are contained in an official handbook or in separate documents.

---

[8] The parties are encouraged to explore the extent to which the City's prior collection and production of documents in Guerrido-Lopez may be used to reduce the burden and expense of its production in this action.

14

**Request No. 7**

Defendants shall produce all responsive documents, with the limitation that they need only produce responsive records to the extent that they relate to complaints alleging the use of excessive force or the making of false statements by Allentown Police Department personnel in official reports, police or other governmental interviews or testimony.

**Request No. 8**

Defendants shall produce all responsive documents subject to the provisions regarding complaints against the City's police officers stated above. However, with respect to Allentown Police Department personnel other than the named Defendants, Defendants need only produce documents relating to citizen complaints that alleged such personnel used excessive force or made false statements in official reports, police or other governmental interviews or testimony.

**Request No. 9**

The union contract or collective bargaining agreement regarding City police officers need only be produced to the extent that it reflects any obligation on the part of the City or its liability insurers to indemnify police officers or other City officials for claims of the type made in the Complaint. If any portion of that agreement meets this description so that its production is required, Defendants may redact all other provisions of the Agreement. As to other requested documents reflecting training of officers regarding the use of force and the procedures for affecting arrests, Defendants shall produce all responsive documents that are or were in effect at the time of the incident at issue in this case. Such documents shall be produced either in a digital or analog form from which Plaintiff may print hard copies as easily as could Defendant or in hard copy.

**Request No. 10**

Except as otherwise provided by this Order, Defendants' response to this request is adequate. Defendants shall not be required to state the date, time or duration of all training beyond providing the responsive documents.

**Request No. 11**

Defendants shall produce all non-privileged documents reflecting communications made in the course of their application for, or receipt of, certifications from the Pennsylvania Chiefs of Police Association or the Pennsylvania Municipal Police and Education Training Commission that suggest that they were or are subject to any deficiencies.

**Request No. 12**

Defendant shall produce all responsive documents that were created prior to the date of the incident at issue in this case and that reflect changes in policy regarding the use of force, the methods of affecting arrests or the making of false statements or giving of false testimony regarding arrested persons.

**Request No. 13**

Defendants shall not be required to respond to this request.[9]

---

[9] Plaintiff has not provided any authority for the proposition that expert reports submitted by plaintiffs' retained experts in litigation against a municipality constitute warnings of deficiencies that give rise to a duty on the part of the municipality. Moreover, she also has not submitted any basis on which she should be able to obtain the fruits of such experts' labors without providing compensation. In addition, the Court finds the burden required of the Defendants to locate all plaintiff expert reports that have been filed against it in various cases, likely involving a variety of defense counsel, over the last 10 years is disproportionate to the needs of this action.

**Request No. 14**

Defendants shall produce all non-privileged responsive documents that reflect risk assessment related to the Allentown Police Department. To the extent they claim any responsive documents are privileged, Defendants shall provide an appropriate privilege log.

**Request No. 16**

To the extent not already provided in response to previous requests, Defendants shall provide all responsive documents, with the exception that they need not provide documents relating to claims made that did not result in payment by judgment, settlement or otherwise.

**Request No. 21**

Defendants shall provide the requested information. However, they may redact all entries reflecting calls to or from persons other than Allentown Police Department personnel. Plaintiff shall protect the confidentiality of this information in the same manner set out above with respect to Internal Affairs records.

**Request No. 22**

Defendants shall provide all responsive, non-privileged documents to the extent that they reflect such emails or texts sent by or to one of the named Defendants in this action.

**Request No. 23**

Defendants' response to this request is adequate.

**Request No. 24**

Defendants shall produce all non-privileged documents that reflect applications for certification by the Pennsylvania Chiefs of Police Association or the Pennsylvania Municipal Police and Education Training Commission and any communications with those certifying organizations that suggest that they were or are subject to any deficiencies or reflect suggestions

by those organizations for improvements in the City's Police Department practices. No further response to this request shall be required

### Requests Nos. 25 and 26

Defendants have represented that all responsive documents have been produced. They will have the opportunity and obligation to supplement their responses should they discover any additional, non-privileged responsive documents. Plaintiff's expressed disbelief in Defendants' representation is not a basis for a motion to compel.

### Request No. 29

This request seeks documents already requested in Requests Nos. 4, 5, 8, 11, 14 and/or 24. As set forth above, Defendants shall not limit their production of responsive documents to documents relating to the individual named Defendants and they need not produce documents reflecting the opinions of expert witnesses produced in connection with other litigation. Defendants are not required to make any additional production in response to this request beyond that called for by previous requests.

### Request No. 30

Defendants are not required to respond to this request. Plaintiff may conduct her own legal research regarding prior judicial proceedings.

### Request No. 31

Defendants shall produce all responsive documents that relate to claims based on Allentown police officers' use of excessive force or making of false statements in official reports, police or other governmental interviews or testimony.

Dated: July 20, 2018

                                                  BY THE COURT:


                                        */s/ Marilyn Heffley*
                                        UNITED STATES MAGISTRATE JUDGE